United States District Court
Southern District of Texas
**ENTERED**
July 02, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRANDIE JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-24-2416 |
| | § | |
| BAPTIST COMMUNITY SERVICES, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL AND TRANSFER TO THE NORTHERN DISTRICT OF TEXAS, AMARILLO DIVISION

Plaintiff, Brandie Jones, brings this action against her former employer, Defendant Baptist Community Services ("BCS") and a number of individual BCS employees, alleging that Defendants discriminated against her on the basis of race, sex, and religion by subjecting her to a hostile work environment in Amarillo, Texas, from September 22 to October 11, 2023, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.[1]

### I.   Factual Background and Procedural History

**A.   Factual Background**

Plaintiff alleges that she began working for Defendant in August of 2023, and that the incidents giving rise to this action

---

[1] Employment Discrimination Complaint ("Complaint"), Docket Entry No. 1, p. 5. Page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

occurred from September to October of 2023 in Amarillo, Texas.[2] In the Charge of Discrimination that Plaintiff filed with the Texas Workforce Commission Civil Rights Division on March 7, 2024, Plaintiff alleges that from August 9, 2023, to October 13, 2023, BCS discriminated against her based on race, religion, and sex.[3] Plaintiff alleges:

> I began working for [BCS] in or about August 2023. I believe I was discriminated against because of my race, sex, and religion. I was subjected to disparaging and harassing treatment by my coworkers and supervisor. I was also exposed to a hostile work environment that included sexual harassment during my employment.[4]

Of the individual BCS employee defendants, "Renee" is identified as Plaintiff's "boss," and "Sue" is identified as "my boss Renee's boss."[5] Plaintiff alleges that the other individual defendants were employed by BCS in Amarillo, Texas, while she worked there.[6]

**B.   Procedural Background**

Plaintiff alleges that she exhausted her administrative remedies in March of 2024, and received her Right to Sue Letter on

---

[2] Id. at 5.

[3] Id. See also Id. at 2 ¶ 6 (a), (c), and (d).

[4] Id. at 5.

[5] Id. at 7.

[6] Id. ("The address provided [for the individual defendants] is [BCS] where they were employed while I was forced to work there").

March 25, 2024.⁷ Plaintiff initiated this action by filing a <u>pro se</u> Complaint on June 24, 2024 (Docket Entry No. 1). On June 26, 2024, the court notified Plaintiff that "[t]he Court has granted your application for leave to proceed <u>in forma pauperis</u>."⁸

## II. <u>Plaintiff's Claims Against the Individual Defendants Will Be Dismissed</u>

An <u>in forma pauperis</u> proceeding may be dismissed if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or fact." <u>Neitzke v. Williams,</u> 109 S. Ct. 1827, 1831-32 (1989).

Title VII only authorizes private suits against "employers." 42 U.S.C. § 2000e-2(a)(1). <u>See also Indest v. Freeman Decorating, Inc.,</u> 164 F.3d 258, 262 (5th Cir. 1999). "While Title VII defines the term employer to include 'any agent' of an employer, 42 U.S.C. § 2000e(b), this circuit does not interpret [Title VII] as imposing individual liability for such a claim." <u>Indest,</u> 164 F.3d at 262. <u>See also Grant v. Lone Star Co.,</u> 21 F.3d 649, 652 (5th Cir.), <u>cert. denied,</u> 115 S. Ct. 574 (1994) ("Only 'employers,' not individuals

---

⁷<u>Id.</u> at 1 ¶ 5. <u>See also id.</u> at 4 (Right to Sue Letter).

⁸Notice to Pro Se Litigant, Docket Entry No. 3, p. 1.

acting in their individual capacity who do not otherwise meet the definition of 'employers,' can be liable under Title VII."). The circuit's rationale is that Congress's intent was to create respondeat superior liability under Title VII and holding otherwise would allow double recovery for the same act. Indest, 164 F.3d at 262 (citing Grant, 21 F.3d at 652). Plaintiff alleges that the individually named defendants are BCS employees, not her employer. Thus, Plaintiff's suit against the individually named defendants has no basis in either law or fact and, therefore, will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I). See Foley v. University of Houston System, 355 F.3d 333, 340 n. 8 (5th Cir. 2003)("[R]elief under Title VII is available only against an employer, not an individual supervisor or fellow employee."). Alternatively, Plaintiff's suit against the individually named defendants is dismissed for failure to state a claim for which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)B)(ii). See Allen v. Benson, 691 F. Supp. 3d 746, 750 (E.D. Tex 2023) (adopting Magistrate Judge's recommendation to dismiss Title VII against individual employee defendants for failure to state claims for which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)).

### III. This Action Will Be Transferred to the Amarillo Division of the Northern District of Texas

Plaintiff's Complaint does not allege where venue is proper.

"Title VII contains a specific venue provision that displaces the venue provision set out in 28 U.S.C. § 1391." Allen v. United States Department of Homeland Security, 514 F. App'x 421, 422 & n. 3 (5th Cir. 2013)(per curiam) (citing 42 U.S.C. § 2000e-5(f)(3)). Section 2000e-5(f)(3) provides that Title VII

> action[s] may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

"[T]he last sentence of this special venue provision makes express cross-reference to §§ 1404 and 1406 of Title 28 indicating clearly Congress' intention that the provisions of §§ 1404 and 1406 would also be applicable in [Title VII] case[s]." Allen, 514 F. App'x at 422 n. 4 (quoting In re Horseshoe Entertainment, 337 F.3d 429, 433 (5th Cir.), cert. denied, 124 S. Ct. 826 (2003)). The court may raise the issue of venue sua sponte and has broad discretion in determining whether to transfer a case. See Caldwell v. Palmetto State Savings Bank of South Carolina, 811 F.2d 916, 919 (5th Cir. 1987) (per curiam); Mills v. Beech Aircraft Corp., Inc., 886 F.2d 758, 761 (5th Cir. 1989). The determination of whether § 1404 or § 1406 applies turns on whether venue is proper in the court in

which the suit was originally filed. If venue is proper there, then § 1404 applies; if venue is improper there then § 1406 applies.

Plaintiff alleges that the unlawful employment practices occurred in Amarillo, Pottery County, Texas, located in the Northern District of Texas, 28 U.S.C. § 124(a)(5), and does not allege any facts implicating the Southern District of Texas. Since, however, the first clause of Title VII's venue provision authorizes an action to proceed in "any judicial district in the State in which the unlawful employment practice is alleged to have been committed," the court assumes without deciding that any judicial district in the State of Texas, including this one, would be proper under Title VII's specific venue provision, 42 U.S.C. § 2000e-5(f)(3). See In re Horseshoe Entertainment, 337 F.3d at 434-35 (making the same assumption). Nevertheless, because Plaintiff alleges that the unlawful employment practices occurred in Amarillo, Potter County, Texas, which is located in the Northern District of Texas, see 28 U.S.C. § 124(a)(5), venue would also be proper there. Because none of the events which give rise to plaintiff's claims are alleged to have occurred in the Southern District of Texas, the court sua sponte considers whether to transfer this action to the Northern District of Texas.

When the selected venue is proper, a motion to transfer venue from one district to another is governed by 28 U.S.C. § 1404(a),

which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "[T]he purpose of this section is to prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses, and the public against unnecessary inconvenience and expense.'" Van Dusen v. Barrack, 84 S. Ct. 805, 809 (1964) (quoting Continental Grain Co. v. The Barge FBL-585, 80 S. Ct. 1470, 1474 (1960)).

> The determination of "convenience" turns on a number of private and public interest factors, none of which [is] given dispositive weight. . . The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. . . The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or the application of foreign law.

In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam) (internal citations omitted).

A plaintiff's choice of venue is entitled to respect and should not be disturbed unless other factors show that "the transferee venue is clearly more convenient." In re Volkswagen of America, Inc., 545 F.3d 304, 315 (5th Cir. 2008) (en banc), cert. denied sub nom. Singleton v. Volkswagen of America, Inc.,

-7-

129 S. Ct. 1336 (2009). However, weight given to a plaintiff's choice of forum is diminished where the operative facts have little or no connection to the plaintiff's chosen forum. See In re Horseshoe Entertainment, 337 F.3d at 434-35.

In this case, Plaintiff has not alleged any facts suggesting that any of the events giving rise to her claims against BCS occurred in this district. Plaintiff instead alleges that the conduct giving rise to this action occurred in Amarillo, Potter County, Texas, which is the Northern District of Texas. Nor has Plaintiff alleged that relevant employment records are maintained or administered in this district or that but for the allegedly unlawful employment practices she would have worked in this district. Because this district lacks any legally relevant factual nexus with this civil action, plaintiff's choice of the Southern District of Texas shall be given less deference than it would be if the conduct giving rise to this action occurred in this District. Id. (discounting the plaintiff's choice of forum under similar circumstances).

With regard to the convenience of the parties, none of them appear to live in this district. Travel for Plaintiff from her home in China Springs, McLennan County, Texas, to Houston, Harris County, Texas might be more convenient than travel to Amarillo, Potter County, Texas. Defendant BCS, however, appears to be located in Amarillo, Potter County, Texas, so it would be more

-8-

convenient for Defendant's representatives to litigate this action in Amarillo than to do so in Houston.

With regard to the convenience of non-parties, because the conduct at issue is all alleged to have occurred in Amarillo, the witnesses are all likely to be from Amarillo. For willing witnesses, the cost of attending trial in Houston would be greater than the cost of attending trial in Amarillo, and compulsory service to secure the attendance of unwilling witnesses based in Amarillo would not be available from Houston.

Turning to the remaining factors, the Northern District of Texas has a local interest in deciding questions of employment discrimination which allegedly occurred in Amarillo. Administrative difficulties flowing from court congestion are likely to be relatively the same in the Northern District of Texas as the Southern District of Texas. The last factors — the forum's familiarity with the governing law and possible conflicts of law arising from application of foreign law — do not affect the analysis because both the Northern and Southern Districts of Texas are equally capable of applying the governing law.

In sum, because this case has no apparent connection to the Southern District of Texas, the court concludes that the Northern District of Texas is a clearly a more convenient venue for the parties and witnesses, and that in the interest of justice this action should be transferred to the Northern District of Texas,

Amarillo Division pursuant to 28 U.S.C. § 1404(a).  See Zuazua v. C.R. England, Inc., No. SA-21-CA-0544-FB, 2021 WL 8442046 (W.D. Tex. August 20, 2021) (sua sponte transferring case pursuant to 28 U.S.C. § 1404(a)).

### IV. Conclusions and Order of Transfer to the Amarillo Division of the Northern District of Texas

For the reasons stated above in § II, the Title VII claims that Plaintiff has asserted against the individually named BCS employee defendants are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) because those claims have no basis in law or fact and are, therefore, frivolous and fail to state claims on which relief may be granted.

For the reasons stated above in § III, this action is **TRANSFERRED** from the Houston Division of United States District Court for the Southern District of Texas, to the Amarillo Division of the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and the witnesses and in the interest of justice.

SIGNED at Houston, Texas, this 2nd day of July, 2024.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE